IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-280-FL

| | |
|---|---|
| REGALE, INC., | ) |
| | ) |
| Plaintiff / Respondent, | ) |
| | ) |
| v. | )     ORDER |
| | ) |
| THEE DOLLHOUSE PRODUCTIONS | ) |
| N.C., INC. and MICHAEL PETER, | ) |
| | ) |
| Defendants / Claimants. | ) |

This matter comes before the court on the parties' consent motion to vacate the court's amended judgment and to dismiss this case with prejudice, pursuant to the terms of a settlement agreement reached during the pendency of plaintiff's appeal of that judgment before the Fourth Circuit (DE # 160).[1] The court's consideration of the parties' motion is guided by the Supreme Court's discussion on the propriety of vacatur by the courts of appeals when a settlement is reached:

> [M]ootness by reason of settlement does not justify vacatur of a judgment under review. This is not to say that vacatur can never be granted when mootness is produced in that fashion. As we have described, the determination is an equitable one, and exceptional circumstances may conceivably counsel in favor of such a course. It should be clear from our discussion, however, that those exceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur – which neither diminishes the voluntariness of the abandonment of review nor alters any of the policy considerations we have discussed. Of course even in the absence of, or before considering the existence of, extraordinary circumstances, a court of appeals presented with a request for vacatur of a

---

[1] In addition to the court's amended judgment, the parties seek vacatur of the court's original judgment and the court's order confirming the final arbitration award in this case. The court's original judgment, entered January 21, 2011, is found at entry 147. Upon consideration of plaintiff's motion under Rule 59(e), the court entered an amended judgment on February 9, 2011, which is found at docket entry 154. The order underlying the judgment and amended judgment was entered January 20, 2011. That order is found at docket entry 146, and is reported at 761 F. Supp. 2d 310.

district-court judgment may remand the case with instructions that the district court consider the request, which it may do pursuant to Federal Rule of Civil Procedure 60(b).

U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 29 (1994).

According to the Fourth Circuit, this court is not technically bound by the holding of Bancorp, which "extends only to appellate court vacatur" premised on 28 U.S.C. § 2106 as opposed to Rule 60(b) of the Federal Rules of Civil Procedure. See Valero Terrestrial Corp. v. Paige, 211 F.3d 112, 117 (4th Cir. 2000). Nevertheless, "[i]n the circumstance of vacatur due to mootness, . . . the standards under 28 U.S.C. § 2106 and Rule 60(b) are essentially the same." Id. Where mootness is caused by "voluntary action" such as settlement (as opposed to "the vagaries of circumstance" or "the unilateral action of the party who prevailed below"), "the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur . . . absent exceptional circumstances." Id. at 117-18 (quoting Bancorp, 513 U.S. at 24-25, 29).[2]

Here, the Bancorp considerations suggest denial of the parties' motion to vacate. The mootness of the controversy between the parties was brought about by their voluntary actions in settling this case following entry of this court's judgment. And the parties have not made any showing to overcome the "substantial public interest in judicial judgments," which are "valuable to the legal community as a whole" and "are not merely the property of private litigants." Valero, 211 F.3d at 118 (quoting Bancorp, 513 U.S. at 26-27). Finally, the parties have made no attempt to

---

[2] Although Bancorp's considerations of relative fault and public interest are "relevant to, and likewise largely determinative of, a district court's vacatur decision for mootness under Rule 60(b)(6), . . . those considerations do not necessarily exhaust the permissible factors that may be considered by the district court in considering a vacatur." Valero, 211 F.3d at 121. "Extraordinary circumstances," as required to obtain relief on any other Rule 60(b)(6) motion, should also be considered. Id.

2

demonstrate any exceptional circumstances. Indeed, they make no argument in their motion to vacate save to inform the court that the motion is made pursuant to the settlement agreement. As the Supreme Court has noted, "the mere fact that the settlement agreement provides for vacatur" is not itself grounds for vacatur. See Bancorp., 513 U.S. at 29.

Accordingly, for the reasons set forth above, the parties' consent motion to vacate the court's amended judgment and to dismiss this case without prejudice is DENIED.

SO ORDERED, this the 16th day of August, 2011.

_____
LOUISE W. FLANAGAN
Chief United States District Court Judge